UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHEAST RECOVERY GROUP, LLC | CIVIL ACTION |
| VERSUS | NO. 11-823 |
| BP AMERICA, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER ON MOTION**

Defendant BP America, Inc. filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss two of the claims asserted against it by Rotorcraft Leasing Company L.L.C. in Rotorcraft's complaint in intervention against BP America. Record Doc. No. 21. Rotorcraft filed a timely opposition memorandum. Record Doc. No. 27. BP America received leave to file a reply memorandum. Record Doc. Nos. 30, 32, 33. Having considered the complaint in intervention as amended, the submissions of the parties and the applicable law, **IT IS ORDERED** that the motion is GRANTED, as follows.

Rotorcraft pleads two Louisiana law causes of action against BP America. A third cause of action asserted by Rotorcraft against BP America under the federal Oil Pollution Act of 1990 is not the subject of this motion. The two state law claims that are the subject of the motion to dismiss are for payment on an open account and for unjust enrichment. Record Doc. No. 13.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

>face.'"  A claim for relief is plausible on its face "when the plaintiff pleads
>factual content that allows the court to draw the reasonable inference that
>the defendant is liable for the misconduct alleged."  A claim for relief is
>implausible on its face when "the well-pleaded facts do not permit the court
>to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 1950 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

Under Louisiana law, an open account "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. Rev. Stat. § 9:2781(D) (emphasis added).  BP America argues that Rotorcraft failed to plead sufficient facts to show that it had an open account with BP America.  While conceding that a formal contract is not required to establish the existence of an open account, defendant contends that the language of the statute emphasized above requires the parties to have some sort of agreement or relationship directly with each other, which defendant and Rotorcraft did not have.

BP America argues that Rotorcraft's complaint does not establish any of the four factors used by Louisiana courts use "to determine whether a course of dealing qualifies as an open account:  (1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether

there are running or current dealings; and (4) whether there are expectations of other dealings." Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 174 (5th Cir. 2007) (citing Paz v. BG Real Estate Servs., Inc., 921 So. 2d 186, 188 (La. App. 4th Cir. 2005)).

The exhibits attached to and considered part of the complaint of plaintiff Southeast Recovery Group, L.L.C., and the complaint in intervention of Rotorcraft, Fed. R. Civ. P. 10(c), establish that Rotorcraft sent <u>all</u> of its invoices <u>to Southeast, not to</u> BP America; the only invoices that BP America received came from Southeast, <u>not</u> Rotorcraft; and the single payment that BP America made was <u>to Southeast, not</u> Rotorcraft.  See Rotorcraft's Exhibit 1 to its Complaint in Intervention, Record Doc. No. 13-1 at pp. 1, 13, 32, Record Doc. No. 13-2 at pp. 1, 23, 40, Record Doc. No. 13-3 at pp. 1, 17, 33, and Record Doc. No. 13-4 at pp. 1, 18, 34; Southeast's Exhibits A, B and C to its Complaint, Record Doc. Nos. 1-1, 1-2 and 1-3.  Rotorcraft has failed to show any business transactions or other dealings directly with BP America, contractual or otherwise, sufficient to establish an open account.  Accordingly, BP America's motion to dismiss is granted as to that claim.

Rotorcraft also asserts a Louisiana state law claim against BP America for unjust enrichment.  The required elements of such a claim are (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other

available remedy at law. <u>Conerly Corp. v. Regions Bank</u>, No. 08-813, 2008 WL 4975080, at *9 (E.D. La. Nov. 20, 2008) (Vance, J.) (citing <u>Baker v. Maclay Props. Co.</u>, 648 So. 2d 888, 897 (La. 1995)); <u>Garber v. Badon & Ranier</u>, 981 So. 2d 92, 99-100 (La. App. 3d Cir. 2008) (citing La. Civ. Code art. 2298; <u>Baker</u>, 648 So. 2d at 897).

BP America argues that Rotorcraft cannot show the fifth factor because Rotorcraft has a remedy at law for its impoverishment pursuant to its contract and/or open account with Southeast. In addition, after BP America filed its motion to dismiss, Rotorcraft received leave to amend its complaint in intervention to assert another claim for damages against BP America pursuant to the federal Oil Pollution Act of 1990. Record Doc. Nos. 28, 29. This claim constitutes another available remedy.

In determining whether the fifth element of the unjust enrichment cause of action has been met,

> it is not the success or failure of other causes of action, but rather the <u>existence</u> of other causes of action, that determine whether unjust enrichment can be applied. "[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." "An action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. . . . [When] there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule." Further, [the Louisiana Supreme Court] held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the <u>potential</u> claim constitutes a practical remedy at law available to the impoverishee.

4

Garber, 981 So. 2d at 100 (quoting Carriere v. Bank of La., 702 So. 2d 648, 657 (La. 1996); La. Nat'l Bank v. Belello, 577 So. 2d 1099, 1102 (La. App. 1st Cir. 1991)) (citing Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So. 2d 569 (La. 1989)).

    Rotorcraft asserts claims in this action against Southeast on an open account and against BP America under the Oil Pollution Act. Rotorcraft states in its complaint in intervention that it entered into a contract with Southeast to provide the services at issue. Although Rotorcraft has not expressly asserted a breach of contract claim, denominated as such, against Southeast in this action, it appears that Rotorcraft could certainly bring such a claim. Because these remedies at law are available to Rotorcraft, it cannot state a claim for unjust enrichment against BP America. Westbrook v. Pike Elec., L.L.C., No. 11-599, 2011 WL 2601013, at *6-7 (E.D. La. June 30, 2011) (Duval, J.); O'Gea v. Home Depot USA, Inc., No. 08-4744, 2009 WL 799757, at *2 (E.D. La. Mar. 20, 2009) (Wilkinson, M.J.); Conerly Corp., 2008 WL 4975080, at *9; Carriere, 702 So. 2d at 672; Garber, 981 So. 2d at 100. Accordingly, BP America's motion to dismiss is granted as to Rotorcraft's unjust enrichment claim.

    The motion is granted in that Rotorcraft's state law unjust enrichment and open account claims against BP America are dismissed. However, Rotorcraft's complaint in intervention is <u>not</u> dismissed in its entirety. Rotorcraft's remaining claims in this action

are its claims against BP America under the federal Oil Pollution Act and its claims against Southeast.

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of September, 2011.

                                                JOSEPH C. WILKINSON, JR.
                                       UNITED STATES MAGISTRATE JUDGE