UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHEAST RECOVERY GROUP, LLC          CIVIL ACTION

VERSUS                                 NO. 11-823

BP AMERICA, INC.                       MAGISTRATE JUDGE
                                       JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Defendant-in-intervention, BP America, Inc. ("BP"), filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claim asserted against it by the plaintiff-in-intervention, Rotorcraft Leasing Company L.L.C. ("Rotorcraft"), under the federal Oil Pollution Act of 1990 (the "Act").  33 U.S.C. § 2701 et seq.  Record Doc. No. 35. Rotorcraft filed a timely memorandum in opposition.  Record Doc. No. 43.

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties.  Record Doc. Nos. 6, 15.  Having considered the complaint in intervention as amended, the submissions of the parties and the applicable law, **IT IS ORDERED** that the motion is GRANTED, for the following reasons.

According to Rotorcraft's original and amended complaints in intervention, Record Doc. Nos. 13, 29, Rotorcraft provided helicopter services to the original plaintiff in this action, Southeast Recovery Group, L.L.C. ("Southeast"), allegedly at the request

of and for the benefit of BP in the aftermath of the Deepwater Horizon offshore oil well blowout and oil spill.  Although Rotorcraft had a contract with Southeast, neither Southeast nor BP paid Rotorcraft for the services rendered.  In its original complaint in intervention, Rotorcraft seeks recovery from Southeast based on their contract.  The two state law claims that Rotorcraft asserted against BP in Rotorcraft's original complaint in intervention were previously dismissed.  Record Doc. No. 34.

In its amended complaint in intervention, Rotorcraft asserts that BP, as the statutorily "responsible party" for the oil spill under the Act, is strictly "liable for the removal costs and damages specified in subsection (b) of this section that result from such incident." 33 U.S.C. § 2702(a) (emphasis added).  Rotorcraft contends that the Act allows it to recover from BP as "removal costs and damages" the unpaid amounts that Rotorcraft is owed for the helicopter services it provided.  Removal costs are defined in subsection (b) as "any removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan," id. § 2702(b)(1)(B), while covered damages include "the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."  Id. § 2702(b)(2)(E) (emphasis added).

In its motion, BP argues that Rotorcraft's claims should be dismissed for two reasons:  (1) Rotorcraft failed to comply with the mandatory presentment requirement of

2

the Act before filing suit and (2) alternatively, if the court finds against BP on its first argument, Rotorcraft's injuries do not "result from" and are not "due to" the oil spill, as required to state a cause of action under the Act.  Rotorcraft responds that (1) it presented its claim to BP and BP denied it more than 90 days before Rotorcraft intervened in this action, thus satisfying the presentment requirement, and (2) its damages are covered by the Act.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 1950 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

I find that Rotorcraft's claim against BP under the Act must be dismissed because Rotorcraft failed to present its claim to BP or the Gulf Coast Claims Facility (the facility that was set up to process claims against BP as the statutorily responsible party) before filing suit, as required by the Act.  Section 2713(a) of the Act provides that "all claims for removal costs or damages shall be presented first to the responsible party . . . designated under section 2714(a) of this title."  33 U.S.C. § 2713(a) (emphasis added).

BP, as the designated responsible party, is strictly liable for the removal costs and damages specified by the Act.  Gabarick v. Laurin Mar. (Am.), Inc., No. 08-4007, 2009 WL 102549, at *2 (E.D. La. Jan. 12, 2009) (Africk, J.); Marathon Pipe Line Co. v. LaRoche Indus. Inc., 944 F. Supp. 476, 479 (E.D. La. 1996) (Clement, J.).

A claimant of removal costs or damages under the Act may not file a lawsuit against the responsible party until the claimant has presented its claim to that party and either the responsible party has denied all liability or the claim has not been settled by payment within 90 days.

> If a claim is presented in accordance with subsection (a) of this section and–
>> (1) each person to whom the claim is presented denies all liability for the claim, or
>> (2) the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun pursuant to section 2714(b) of this title, whichever is later,
>
> the claimant may elect to commence an action in court against the responsible party or guarantor or to present the claim to the Fund.

Id. § 2713(c).

The "presentment" requirement of Section 2713(c) is mandatory.

> The text of the statute is clear.  Congress intended presentment to be a mandatory condition precedent to filing suit. . . .  [T]he purpose of the claim presentation procedure is to promote settlement and avoid litigation . . . .  Claimants who have not complied with the presentment requirement are subject to dismissal without prejudice, allowing them to exhaust the presentment of their claims before returning to court.

4

In re Oil Spill by the Oil Rig DEEPWATER HORIZON, MDL No. 2179, 2011 WL 3805746, at *16 (E.D. La. Aug. 26, 2011) (Barbier, J.) (citing Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., 51 F.3d 235, 240 (11th Cir. 1995); Gabarick, 2009 WL 102549, at *3) (emphasis added); accord Turner v. Murphy Oil USA, Inc., No. 05-4206, 2007 WL 4208986, at *2 (E.D. La. Nov. 21, 2007) (Fallon, J.); Berthelot v. Boh Bros. Constr. Co., No. 05-4182, 2006 WL 2256995, at *6 (E.D. La. July 19, 2006) (Fallon, J.); Abundiz v. Explorer Pipeline Co., No. 3:00-CV-2029-H, 2003 WL 23594054, at *1 (N.D. Tex. Mar. 7, 2003).[1]

While some courts have found that the Act's claim presentment condition is akin to an exhaustion requirement, others have found that the "presentment requirement is jurisdictional in nature and mandates dismissal for failure to comply."  Russo v. M/T DUBAI STAR, No. C 09-05158, 2010 WL 1753187, at *2 (N.D. Cal. Apr. 29, 2010) (citing Boca Ciega Hotel, 51 F.3d at 240; Marathon Pipe Line Co., 944 F. Supp. at 477; Johnson v. Colonial Pipeline Co., 830 F. Supp. 309, 311 (E.D. Va. 1993); Abundiz v. Explorer Pipeline Co., No. 3:00-CV-2029-H, 2003 WL 23096018, at *5 (N.D. Tex. Nov. 25, 2003)).

---

[1] The district court in Abundiz v. Explorer Pipeline Co. addressed the Act's presentment requirement in three decisions at different procedural stages of the case, each time holding that the requirement had not been satisfied.  All three of the Abundiz decisions are cited in subsequent cases from other courts and in the instant opinion, which may cause some confusion to the reader without being forewarned.

Regardless whether the presentment requirement is jurisdictional or merely an exhaustion requirement, "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" <u>Abundiz</u>, 2003 WL 23594054, at *2 (quoting <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 31 (1989) (construing a similar notice and delay provision in the Resource Conservation and Recovery Act of 1976)); <u>accord</u> <u>Boca Ciega Hotel</u>, 51 F.3d at 239 (quoting <u>Hallstrom</u>, 493 U.S. at 31). Thus, every court (but one, discussed below) that has considered the issue has held that an action asserting a claim for removal costs or damages against the responsible party <u>must</u> be dismissed <u>without</u> prejudice if the claimant failed to comply with the presentment requirement of Section 2713(a).

Neither filing a lawsuit, providing the required notice by letter after a lawsuit has been commenced, filing an amended complaint or providing an interrogatory answer is the equivalent of proper claim presentment. None of these actions fulfills the mandatory condition precedent because they do <u>not</u> satisfy its purpose to promote settlement by giving the responsible party 90 days to settle the claim after receiving notice. <u>Turner</u>, 2007 WL 4208986, at *2; <u>Abundiz</u>, 2003 WL 23594054, at *3; <u>Abundiz</u>, 2003 WL 23096018, at *5; <u>Johnson</u>, 830 F. Supp. at 311.

In the instant case, Rotorcraft failed to allege in its original or amended complaint in intervention that it presented its claim under the Act to BP <u>before</u> filing suit. However,

6

Rotorcraft attached to its opposition memorandum an <u>un</u>verified e-mail exchange with BP, dated from January 31 to February 9, 2011, which Rotorcraft alleges satisfied its obligation to present its claim more than 90 days before it intervened in this lawsuit.

To the extent that BP's factual attack on Rotorcraft's failure to comply with the Act's presentment requirement may implicate this court's subject matter jurisdiction, the court may consider testimony and affidavits outside the pleadings. <u>Tatum v. United States</u>, No. 11-506, 2011 WL 3205279, at *1 (E.D. La. July 27, 2011) (Africk, J.) (citing <u>Oaxaca v. Roscoe</u>, 641 F.2d 386, 391 (5th Cir. 1981); <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir. 1981)); <u>McKinley ex rel. D.M. v. Astrue</u>, No. 10-321, 2010 WL 2836140, at *1 (E.D. La. July 16, 2010) (Vance, J.) (citing <u>Garcia v. Copenhaver, Bell & Assocs.</u>, 104 F.3d 1256, 1261 (11th Cir. 1997); <u>Clark v. Tarrant County</u>, 798 F.2d 736, 741 (5th Cir. 1986)).

The question presented by Rotorcraft's exhibit is whether its e-mail to BP asserted a "claim," as defined by the Act and the case law.  The term "'claim' means a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident."  33 U.S.C. § 2701(3).  The Coast Guard administers the Act's claim provisions and has promulgated "'regulations [which] state that a claim must provide, <u>inter alia</u>, a general description of the nature and extent of the impact of the oil spill and the associated damages, a list of the damages with a "sum certain" attributed to

each type of damage listed, and evidence to support the claim.'" Gabarick, 2009 WL

102549, at *2 n.21 (quoting Johnson, 830 F. Supp. at 311 (citing 33 C.F.R. §§ 136.105,

136.109)[2]).

Thus, the

courts have emphasized the need for specificity in the presentment of any
claim to the responsible party. This is so because "[i]n order to accomplish
[its] purpose, the claim presented must inform the responsible party with
some precision of the nature and extent of the damages alleged and of the
amount of monetary damages claimed." If the claim does not have the
necessary specificity, the responsible party will be unable to make an
informed offer of settlement.

Turner, 2007 WL 4208986, at *2 (quoting Johnson, 830 F. Supp. at 311) (citing Abundiz

v. Explorer Pipeline Co., No. CIV.3:00-CV-2029-H, 2002 WL 2030880, at *2 (N.D. Tex.

Sept. 3, 2002)).

Even if the unverified e-mail correspondence submitted by Rotorcraft was

properly verified and admissible, it is insufficient to constitute a "claim" as defined

---

[2]33 C.F.R. § 136.105 currently provides that "[e]ach claim must be in writing for a sum certain
for compensation for each category of uncompensated damages or removal costs," id. § 136.105(b), and
"must include at least the following, as applicable:" "(4) A general description of the nature and extent
of the impact of the incident, the costs associated with removal actions, and damages claimed, . . . .
(5) An explanation of how and when the removal costs or damages were caused by, or resulted from, an
incident. (6) Evidence to support the claim." Id. § 136.105(e) (emphasis added).
   Section 136.109 of the regulations provides: "(a) A claimant must specify all of the claimant's
known removal costs or damages arising out of a single incident when submitting a claim. (b) Removal
costs and each separate category of damages . . . must be separately listed with a sum certain attributed
to each type and category listed." Id. § 136.109 (emphasis added).

above.  Kevin Culp of Rotorcraft e-mailed a representative of BP on January 31, 2011.

Culp stated in pertinent part that Rotorcraft

> provided helicopter transport services for Southeast Recovery Group during June through November 2010 to aide [sic] in oil spill remediation efforts. We understand the Southeast Recovery Group has provided all the required information to BP in order to get their invoices paid and is waiting on payment. [Rotorcraft] is effectively in subcontractor status. . . .  We have over $500,000 due from Southeast Recovery . . . .
>
> Any efforts to expedite payment of the amounts due would be greatly appreciated; we would also appreciate any information that you could provide on the status of this matter.

Rotorcraft's Exh. A, Record Doc. No. 43-1 at p. 2.  BP's representative, Moses Shillow,

responded to Culp on February 9, 2011

> regarding amounts owed to Rotorcraft Leasing Company LLC by Southeast Recovery Group.  This is a matter strictly between Rotorcraft Leasing and Southeast Recovery. Whatever arrangement you all had regarding payment terms needs to be resolved in a similar manner.
>
> . . . . If Southeast Recovery Group are having issues getting their invoices paid, . . . have them give me a call and we will be glad to try and assist them.

Id.

Culp's e-mail fails to satisfy the requirements for presenting a claim.  First, Culp

did not even demand payment from BP to Rotorcraft.  Rather, Culp asserted that

Southeast was awaiting payment from BP of its invoices, while Rotorcraft, as Southeast's

subcontractor, awaited payment of "over $500,000 due from Southeast Recovery."

Second, Culp's e-mail did not describe the manner in which the oil spill impacted

Rotorcraft, did not cite evidence in support of Rotorcraft's purported claim against BP, did not list its damages with a "sum certain" and did not provide any evidence to support the claim.  Gabarick, 2009 WL 102549, at *2 n.21; Abundiz, 2003 WL 23096018, at *3. The lack of a sum certain, the failure to explain how and when the removal costs or damages were caused by or resulted from the oil spill, and the lack of any supporting evidence that Rotorcraft sustained removal costs and damages as a result of BP's actions "made it impossible for [BP] to make a payment that would settle the matter, or even to formulate an offer of its own that might lead to settlement."  Id.

If the presentment requirement is jurisdictional, it cannot be waived.  Russo, 2010 WL 1753187, at *3 n.3 (citing Proctor v. Vishnay Intertech., Inc., 584 F.3d 1208, 1219 (9th Cir. 2009)); see also Elam v. Kan. City S. Ry., 635 F.3d 796, 802 (5th Cir. 2011) (Federal subject matter jurisdiction is limited and cannot be bestowed by waiver or consent.); Sapp v. Potter, 413 F. App'x 750, 752 n.1 (5th Cir. 2011) ("[E]quitable remedies such as . . . waiver are available for instances involving a failure to meet a prerequisite to filing a complaint; they are not available, however, to alleviate the district court's lack of subject-matter jurisdiction.").  If the presentment condition is not jurisdictional, but requires exhaustion, this court will not waive the notice and denial requirements when Rotorcraft so clearly has not met them.  Turner, 2007 WL 4208986, at *2.

Judge Barbier of this court recently rendered the only opinion that my research has located that is contrary to the federal courts' otherwise universal dismissal of claims brought under the Act that were not presented to the responsible party before suit was filed.  Judge Barbier issued his opinion in the multidistrict litigation arising out of the same Deepwater Horizon offshore oil rig explosion and oil spill that underlies the instant case, about two months after the instant case was severed from that multidistrict litigation and more than one month after Rotorcraft moved to intervene.  However, his decision does not assist Rotorcraft.

In the multidistrict litigation, Judge Barbier denied several motions by various defendants to dismiss claims brought under the Act that had been asserted in a master complaint filed by a plaintiffs' steering committee on behalf of plaintiffs who asserted economic and property damage claims.  The plaintiffs failed to allege that they had presented their claims to the responsible party before they filed suit.  Judge Barbier recognized that presentment is a mandatory condition precedent and that "[i]n the ordinary case, the Court would simply dismiss those claims without prejudice.  However, as the Court has previously noted, this is no ordinary case."  In re DEEPWATER HORIZON, 2011 WL 3805746, at *16.  Faced with hundreds of consolidated cases and thousands of litigants, and acknowledging that there were likely to be large numbers of "claimants who have completely bypassed the [Act's] claim presentation requirement,

others who have attempted to present their claims but may not have complied with [the Act], and others who have properly presented their claims but have been denied for various reasons," Judge Barbier found that it "would be impractical, time-consuming, and disruptive to the orderly conduct of this MDL and the current scheduling orders if the Court or the parties were required to sort through in excess of 100,000 individual . . . claims to determine which ones should be dismissed at the current time." Id.  None of the unique and complex features of the multidistrict litigation cited by Judge Barbier are present in the instant "ordinary case" of Rotorcraft's failure to present its claim to the responsible party before intervening in this action.

"Having failed to comply with § 2713(c)'s mandatory condition precedent to a lawsuit, [Rotorcraft's] claims [against BP] must be dismissed without prejudice.  'When a plaintiff fails under the . . . [Act's] notice/presentment requirements, and his claim is dismissed, the plaintiff may refile his claim after giving proper notice/presentment and waiting the prescribed amount of time.'" Gabarick, 2009 WL 102549, at *3 (quoting Abundiz, 2003 WL 23594054, at *2); accord Russo, 2010 WL 1753187, at *3; Turner, 2007 WL 4208986, at *2 (citing Boca Ciega Hotel, 51 F.3d at 240).

Because Rotorcraft's claims against BP under the Act must be dismissed without prejudice based on Rotorcraft's failure to comply with the Act's presentment

requirements, the court need not address BP's second argument for dismissal for failure to state a claim under the substantive terms of the Act.

Accordingly, IT IS ORDERED that BP's motion is GRANTED and Rotorcraft's claims against BP under the Oil Pollution Act are DISMISSED WITHOUT PREJUDICE. Although all of Rotorcraft's claims against BP in this action have now been dismissed, Rotorcraft remains in the case as a plaintiff-in-intervention against Southeast.

New Orleans, Louisiana, this ____26th____ day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE