UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHEAST RECOVERY                    CIVIL ACTION
GROUP, LLC

VERSUS                                NO. 11-823

BP AMERICA, INC.                      MAGISTRATE JUDGE
                                      JOSEPH C. WILKINSON, JR.


**ORDER AND REASONS ON MOTION**

This is a breach of contract action in which plaintiff seeks to recover more than

$1 million for helicopter services allegedly provided to defendant in the aftermath of the

Deepwater Horizon explosion and oil spill in the Gulf of Mexico offshore Louisiana in

2010.  All parties have consented to proceed before a United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).  Record Doc. Nos. 6 and 68.

The United States' Motion to Intervene and Stay Civil Proceedings, Record Doc.

No. 53, is now pending before me.  In its motion, the United States seeks an order staying

this civil case on grounds that it is currently conducting an active criminal investigation,

including grand jury proceedings, concerning the same transaction that is involved in the

civil matter.  Plaintiff filed a timely written opposition.  Record Doc. No. 59.  The United

States received leave to file a reply memorandum.  Record Doc. Nos. 63-65.  Having

considered the record, the applicable law and the oral argument of counsel during the

hearing conducted on January 18, 2012, **IT IS ORDERED** that the motion is GRANTED, subject to the conditions contained in this order, for the following reasons.

(A)     The Legal Standard

As to intervention of right, Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; <u>or</u> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added). Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted); <u>Ross v. Marshall</u>, 426 F.3d 745, 753 (5th Cir. 2005); <u>Heaton v. Monogram Credit Card Bank</u>, 297 F.3d 416, 422 (5th Cir. 2002); <u>Ford v. City of Huntsville</u>, 242 F.3d 235, 239 (5th Cir. 2001); <u>Edwards v. City of Houston</u>, 78 F.3d 983, 1000 (5th Cir. 1996); <u>Sierra Club v. Espy</u>, 18 F.3d 1202, 1204-05, 1207 (5th Cir. 1994).

As to permissive intervention, Fed. R. Civ. P. 24(b) provides in pertinent part:

> (1)  In General.  On timely motion, the court may permit anyone to intervene who:
>> (A) is given a conditional right to intervene by a federal statute; or
>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
>       *  *  *
>
> (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).  "Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'"  Ross, 426 F.3d at 753 (quoting Espy, 18 F.3d at 1205).

Both permissive intervention and intervention of right may be permitted only "upon timely application," Fed. R. Civ. P. 24(a) (emphasis added), because "the requirement of timeliness applies whether intervention is sought as a matter of right or as a matter of discretion."  7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1916 at 527-28 (3d ed. 2007).  The concept of "timeliness" in connection with motions for leave to intervene is a flexible one, which is left to the sound discretion of the trial court.  Id. at 529 (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989); Holland v. Sterling Enters., Inc., 777 F.2d 1288, 1293 (7th Cir. 1985); McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)); accord In re Lease Oil Antitrust Litig., 570 F.3d at 248.  "'The requirement of timeliness is not

3

a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002) (quoting Espy, 18 F.3d at 1205). "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." Espy, 18 F.3d at 1205; accord Heaton, 297 F.3d at 422.  "A court should ignore 'how far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action . . . [, and] the likelihood that intervention may interfere with the orderly judicial processes.'" Am. V Ships Ltd. v. Norica Eng'g Servs., 34 F. App'x 151, 2002 WL 496377, at *3 (5th Cir. 2002) (quoting John Doe # 1 v. Glickman, 256 F.3d 371, 376 (5th Cir. 2001)).

When determining whether a motion to intervene is timely, a court must consider the following four factors:  (1) how long the potential intervenor knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when he knew or reasonably should have known of his stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.  In re Lease Oil Antitrust Litig., 570 F.3d at 247-48; Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 560-61 (5th Cir. 2003).  "These factors

4

are 'not a formula for determining timeliness;' instead, it should be determined based on all the circumstances."  Id. at 561 (quoting Glickman, 256 F.3d at 376).

As to the legal standard applicable to motions to stay civil cases in the face of parallel criminal proceedings, I employ the excellent summary and overview of the case law set out by the much respected Chief Judge Fitzwater in Securities & Exchange Commission v. Offill, No. 3:07-CV-1643-D, 2008 WL 958072 (N.D. Tex. Apr. 9, 2008). Chief Judge Fitzwater's comprehensive approach itself springs from the general standards and policies provided by Judge Wisdom in the seminal case of Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962).

> "Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" . . .  "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." . . .
>> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. . . .
>
> . . . .
>> Courts . . . have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including:  (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the

prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

. . . .

"[A] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct[.]" . . . <u>But when the government seeks a stay of civil discovery</u>, the justification for obtaining a stay is often <u>strongest before an indictment is handed down</u>:

>Where district courts have stayed discovery most frequently in civil proceedings at the request of the Government, the stay questions have arisen in situations where the Government seeks to protect ongoing criminal **investigations** and pending **grand jury hearings** based on the notion that . . . a stay of the **entire civil proceeding** was necessary to protect ongoing grand jury investigations or that a stay of **all** discovery by defendants in the civil action is necessary because the government is presently conducting a widespread criminal investigation and defendant's discovery requests relate to the principal focus of the investigation.
>
> . . . . Thus although criminal charges have not yet been filed, . . . this

fact does <u>not</u> militate against granting a stay of discovery.

<u>Offill</u>, 2008 WL 958072, at *2-3 (citations omitted) (underlined emphasis added).

Among the six factors to be evaluated, Chief Judge Fitzwater identifies the public interest as "'perhaps the most important factor.'" <u>Id.</u> at *4 (quoting M. Pollack, <u>Parallel Civil and Criminal Proceedings</u>, 129 F.R.D. 201, 205 (1990)).

In considering parallel criminal and civil proceedings, both Judge Wisdom in <u>Campbell</u> and Chief Judge Fitzwater in <u>Offill</u> recognized the substantial differences and the need to reconcile the broad-ranging discovery procedures available in federal civil procedure with the far more restrictive discovery permitted in federal criminal matters.

6

"'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.'" Id. (quoting Campbell, 307 F.2d at 487).

(B)     Analysis and Evaluation

Whether characterized as "of right" or "permissive," intervention by the United States in this matter under Fed. R. Civ. P. 24 is clearly appropriate.  Although no federal statute expressly gives the United States either an unconditional or conditional right to intervene, the evidence submitted by the government for my in camera review establishes that the transaction that is the subject of this civil lawsuit is identical to the transaction that is the subject of the criminal investigation. While it may be that the criminal investigation may evolve to include more than the subject transaction, both the civil and criminal matters share common questions of law and fact relating to fraud allegedly perpetrated by plaintiff and/or its principals and/or their associates.  Fed. R. Civ. P. 24(b)(1)(B).  The United States, in its role as criminal prosecutor, "is so situated that disposing of the [civil] action," particularly permitting the broad-ranging discovery planned by the civil parties, "may as a practical matter impair or impede the [government's] ability to protect its interest," Fed. R. Civ. P. 24(a)(2), specifically, its unique investigative and prosecutorial interests.  Although the civil defendant has an

interest in proving plaintiff's alleged fraud, Record Doc. No. 11, BP's Answer at p. 9, its burden of proof as to its civil affirmative defense is far less than the burden the government must sustain in the criminal matter, so that no existing party adequately represents the prosecutorial or investigative interests of the United States.

The motion to intervene is timely. The civil case has been pending for less than a year. Substantial discovery and other preparation work remains to be done before the scheduled trial date four months from now. The related grand jury proceeding commenced more recently. The United States acted with reasonable promptness in seeking to intervene as soon as it became apparent that substantial civil discovery likely to interfere with the grand jury proceedings was about to begin. While the corporate plaintiff may be prejudiced to some extent by the delay that a stay would cause in its ability to obtain the payments it seeks, the court can and will impose conditions on any stay aimed at insuring that it is not indefinite and is limited in time as much as possible. Significantly, both the existing intervenor, Rotorcraft Leasing Co., and defendant BP America, Inc., who may be victims of any criminal fraud, do not oppose the government's motion, intimating that they see no prejudice to their own interests arising from a stay. Finally, the substantial public interest in law enforcement investigations and the delicate current stage of the criminal matter are circumstances weighing in favor of a finding of timeliness.

8

As to whether a stay of the civil case is warranted, I find that weighing the six factors commonly evaluated by the courts in addressing similar government motions when parallel civil and criminal proceedings present themselves militates heavily in favor of entry of a stay order, subject to ongoing court monitoring.

The first factor – the extent of overlap in the issues involved in the civil and criminal cases – weighs heavily in favor of a stay. The criminal investigation involves the same transaction as the civil case. Many of the witnesses who can be expected to testify in both matters and substantial documentary evidence relevant in both matters are the same. BP America has asserted fraud as an affirmative defense in the civil case. Record Doc. No. 11, BP's Answer at p. 9. Fraud, allegedly arising from the same transaction, is also the basis of the criminal offenses that are being investigated in the criminal proceeding and that are or will be the subject of grand jury testimony and subpoenas. The civil and criminal matters thus present substantial issue overlap.

The second factor – the status of the criminal case – also weighs in favor of a stay. Although no formal charges have been lodged and no party has yet been indicted, the government's proof establishes that formal initiation of charges may arise in the near future and that both the investigative efforts of law enforcement personnel and formal proceedings before the grand jury are at a particularly sensitive and critical stage, which broad-ranging discovery in the civil case is likely to disrupt and perhaps undermine.

9

The third factor – the private interests of the plaintiff and the prejudice caused by the delay – weighs in plaintiff's favor and against a stay, but only slightly.  On one hand, if a stay is implemented, the <u>corporate</u> plaintiff will be delayed in its ability possibly to recover a large sum of money that would be beneficial to its operational and profit-making interests.  On the other hand, the court can take monitoring measures to insure that any delay caused by a stay is not interminable and instead is tailored to the legitimate needs and evolving status of the criminal investigation.  In addition, although counsel for the corporate plaintiff asserts in his civil motion papers, and confirmed during oral argument, that plaintiff's individual principal "has no intention" to invoke the Fifth Amendment in upcoming civil discovery, Record Doc. No. 59 at p. 17, I cannot credit that assertion in light of the evidence.  In this regard, it certainly appears that the personal interests of the corporate plaintiff's principal may conflict with the purely commercial interests of the corporate plaintiff.

The fourth factor – the private interests of and burden on the other parties – weighs in favor of a stay.  Significantly, neither the defendant nor the original intervener objects to the government's motion.  Neither has asserted that it will be burdened by a stay or that it wishes to proceed with the civil case in the face of the criminal matter. Both may be victims of the alleged fraud being investigated.  If so, both may be eligible to receive restitution of their losses in a criminal proceeding.

Finally, the fifth and sixth factors – the interests of the courts and the public –
weigh heavily in favor of granting the stay. The court's interest in expeditious resolution
of civil cases is only modestly affected by a stay in light of the alacrity with which the
grand jury proceedings and any resulting criminal case involving the same transaction
is likely to occur. The court's interests in avoiding duplication of effort and advancing
judicial economy are served by a stay of the civil case, particularly if resolution of the
criminal matter results in collateral estoppel or res judicata effects on the civil case. The
public interest in law enforcement efforts through criminal investigation and prosecution
of alleged fraud is substantial. As Judge Wisdom sagely wrote almost 50 years ago:

> The very fact that there is clear distinction between civil and criminal
> actions requires a government policy determination of priority: which case
> should be tried [or proceed] first. Administrative policy gives priority to
> the public interest in law enforcement. This seems so necessary and wise
> that a trial judge should give substantial weight to it in balancing the policy
> against the right of a civil litigant to a reasonably prompt determination of
> his civil claims or liabilities.

Campbell, 307 F.2d at 487 (emphasis added).

The numerous decisions of other courts cited in the briefs of the United States,
Record Doc. Nos. 53 and 65, overwhelmingly support the conclusion that government
intervention and the requested stay are warranted in this case. Plaintiff has cited no
persuasive decision of any other court denying intervention and/or stay in substantially
similar circumstances involving this kind of closely parallel federal criminal and civil

11

proceedings.  Plaintiff's vigorous efforts to distinguish the cases cited by the government are also unpersuasive.

For all of the foregoing reasons, I find that evaluation of the relevant factors weighs heavily in favor of granting a stay of the instant civil case at this time, before substantial discovery that will disrupt and possibly undermine the criminal investigation and grand jury proceedings takes place.  I do not intend, however, for the stay to persist indefinitely or to permit the government to delay interminably the rights of plaintiff and the original intervenor to pursue their claims in this civil action, if the criminal matter fails to proceed expeditiously.  The evidence submitted in camera concerning the grand jury proceedings substantially allays that concern.  It bears emphasizing, however, that the United States is expected to pursue its criminal investigation concerning the subject transaction diligently and to bring it to conclusion as speedily as possible, considering particularly the amount of time and effort which its evidence suggests has already been spent and is soon planned in the criminal matter.  If the result of the investigation is that no criminal charges will be pursued in the near future, this court and the parties to the civil lawsuit must know as soon as possible, so that they may fulfill their obligation to resolve this civil matter as contemplated by Fed. R. Civ. P. 1.  Accordingly,

**IT IS ORDERED** that the motion of the United States to intervene and to stay the captioned civil matter, including specifically all discovery, is GRANTED, but subject to the following conditions:

(1)  If the criminal investigation is concluded without charges, counsel for the United States must notify the court and counsel of record for all parties in this action, in writing, within seven (7) days of any such decision.

(2)  Unless otherwise ordered by the court in the criminal case, counsel for the United States must notify the court and all parties to this civil action of the filing of any indictment, bill of information or criminal complaint lodging criminal charges against any person arising from the transaction that is the subject of this civil case.

(3) No later than **April 20, 2012**, if the investigation is ongoing, but no indictment, bill of information or criminal complaint lodging criminal charges against any person arising from the transaction that is the subject of this civil case has been filed by that date, counsel for the United States must provide me with a written report detailing the progress and status of the investigation, including but not limited to an update of the information already provided to me in connection with this motion.  See, e.g., Record Doc. Nos. 52 and 73 (sealed declaration of FBI Special Agent Robert W. Blythe and sealed government response to my order).  Since the report necessarily will contain information subject to the grand jury secrecy provisions of Fed. R. Crim. P. 6(e), counsel

13

for the government must submit it to me for in camera review accompanied by a motion to seal it in the court's record.  Local Rule 5.6; Fed. R. Crim. P. 6(e).

(4)  For good cause, any party to the civil action may notice a motion pursuant to Local Rule 7.2 at any time to vacate the stay and reopen this civil matter for further proceedings.

The Clerk of Court is directed to CLOSE the captioned civil case for administrative and statistical purposes, pending further order of the court.  The trial date and all other previously set pretrial dates and deadlines are postponed, to be reset when appropriate.

New Orleans, Louisiana, this ____19th____ day of January, 2012.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

14